UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN S.,

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:24-cv-00952-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint. Plaintiff asserts the ALJ erred by rejecting Dr. Faria's opinion as unpersuasive (except for the lifting/ carrying and sitting limitations). Dkt. 6, Opening Brief.

        On May 5, 2021 plaintiff filed an application for DIB alleging a disability onset date of April 21, 2017. AR 240-41. The claim was denied initially (AR 68) and upon reconsideration (AR 77). On April 6, 2023 a hearing was held in front of ALJ Cecilia LaCara. AR 34-67. On June 8, 2023 ALJ LaCara issued an unfavorable decision

finding plaintiff not to be disabled. AR 15-26. The Appeals Council declined the request for review (AR 244-45) and plaintiff filed this appeal.

The ALJ determined plaintiff's date last insured to be March 31, 2023. AR 17. She determined through the date last insured plaintiff had the following severe impairments: diabetes mellitus type II, hyperlipidemia, hypertension, and obstructive sleep apnea. *Id*. She determined plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions: "standing/walking up to 6 hours, frequent climbing ramps or stairs, no climbing ladders, ropes, or scaffolds, and avoid moderate exposure to hazards (machinery, unprotected heights, etc.)." AR 19. She determined plaintiff was capable of performing past relevant work as a supervisor, aircraft maintenance. AR 25.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff asserts the ALJ harmfully erred by finding Dr. Russell W. Faria, D.O.'s opinion to be unpersuasive. Dkt. 6 at 4-7.

Plaintiff filed the claim on May 5, 2021 so the ALJ applied the 2017 regulations. *See* AR 240-41. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under these regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

*Id.*

On July 5, 2022 Dr. Faria examined plaintiff and completed a medical source statement regarding functional abilities. AR 1235-44. Dr. Faria wrote "[i]n my opinion, claimant will not have physiologic reserve to tolerate an eight hour workday." AR 1242.

He also opined plaintiff was limited to bending, stooping, kneeling, crouching for one hour or less in an eight hour workday. *Id*. He opined "restrict because of history craniotomy, C1 fracture, seizure disorder, and treatment with potentially sedating medication" with regard to overhead work and climbing, balancing, and working at heights. AR 1242-43. He opined plaintiff could lift and carry 20 pounds occasionally, 10 pounds frequently. AR 1243. He opined plaintiff could stand and walk one hour or less in an eight hour workday. *Id*. He opined plaintiff should avoid extremes of heat or cold, fumes, dust. *Id*. He stated these opinions were based upon clinical findings on exam and records supplied. *Id*.

The ALJ found this opinion to be persuasive as to the lifting/carrying and sitting limitations but otherwise unsupported on the basis that it was unsupported by the examination findings, other evidence in the record, evidence of plaintiff travelling and camping, and plaintiff's activities of daily living. AR 23.

Plaintiff argues that the ALJ erred by rejecting Dr. Faria's opinion that plaintiff does not have physiologic reserve to tolerate an eight hour workday, and not specifically explaining why this portion of Dr. Faria's opinion was unpersuasive. Dkt. 6 at 6-7. Plaintiff does not contest the reasons the ALJ offered for discounting Dr. Faria's opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation omitted) (" '[T]he

burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.' ").

The ALJ stated that she found Dr. Faria's opinion entirely unpersuasive except for the lifting/ carrying and sitting limitations. AR 23.

An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ cited normal gait, normal motor strength of the upper and lower extremities, and normal sensation and reflexes shown during the examination to be inconsistent with Dr. Faria's opinion. AR 23. This was a valid reason to discount Dr. Faria's opinion; Dr. Faria opined significant limitations in stooping, kneeling, crouching, and walking despite normal exam findings.

The ALJ also rejected Dr. Faria's opinion on the basis that it was inconsistent with evidence that plaintiff's diabetes, hypertension, hyperlipidemia, and obstructive sleep apnea are controlled when he is compliant with medications, diet, exercising, and CPAP. AR 23 (citing AR 367, 418, 446, 486, 534, 568, 571, 1250-51). A finding that an impairment is successfully managed with treatment can serve is a valid consideration in evaluating a claimant's impairments and related symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878

F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

The records cited by the ALJ show on June 12, 2018 plaintiff's blood sugars were noted to be well controlled with hemoglobin A1c at 6.3. AR 486. April 3, 2019 plaintiff's blood sugar was poorly controlled and it was noted that he had not been compliant with diet and exercise. AR 446. He was started on Lantus for treatment and diet and exercise were stressed. *Id*. his hypertension was well controlled and triglycerides were well controlled but his LDL cholesterol was minimally elevated. *Id*. September 9, 2019 plaintiff's hypertension was noted to be stable and controlled; his hyperlipidemia was evaluated as "good control of triglycerides. Currently on fenofibrate. LDL cholesterol mildly elevated at 115. Goal for LDL cholesterol less than 100." AR 418. May 31, 2021 a doctor noted plaintiff's hypertension was "[s]table and well controlled. On lisinopril 5 mg per day." AR 367.

On November 11, 2021 his A1c was well controlled at 6.8; his hypertension was well-controlled on amlodipine and lisinopril; triglycerides were normal at 110 and LDL cholesterol at 84. AR 571. Snoring with reported probable apneic episodes was recorded and he was referred to sleep medicine for further evaluation including sleep study. *Id*. On February 14, 2022 his blood sugars were uncontrolled; he reported poor dietary habits and decreased activity over the past two months. AR 568. His hypercholesteremia, history of elevated LDL and elevated triglycerides stable on a combination of atorvastatin and fenofibrate. *Id*. On August 24, 2022 plaintiff's A1c had improved to 6.5; his hypertension was stable and controlled; his total cholesterol and

LDL cholesterol were at goal; his provider stressed the importance of CPAP machine because he was not using it consistently. AR 1250-51.

The ALJ provided legally valid reasons for discounting Dr. Faria's opinion, supported by substantial evidence. The record shows that when plaintiff was compliant with his medications, diet, exercise, and use of CPAP his diabetes, hypertension, hyperlipidemia, and obstructive sleep apnea were well controlled. Because the Court has determined that the ALJ's decision to discount Dr. Faria's opinion was supported by these legally sufficient reasons supported by substantial evidence, any error in the other reasons listed by the ALJ would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if "the ALJ's decision remains legally valid, despite such error").

**2. Step Four**

Plaintiff argues that the ALJ erred by concluding at step four that plaintiff could perform past work as a supervisor, aircraft maintenance because plaintiff had not performed the work within the last five years prior to the hearing. Dkt. 6 at 7-8. As support for this, plaintiff cites Social Security Ruling ("SSR") 24-2p as support for this conclusion.

Plaintiff fails to address the effective date of SSR 24-2p; the regulation became effective on June 22, 2024. ALJ LaCara issued the decision in this case on June 8, 2023. AR 15-26. The footnote to SSR 24-2p states "[w]e expect that Federal Courts will review our final decision using the rules that were in effect at the time we issued the decisions." SSR 24-2p at n. 1. The Ninth Circuit has refused to apply this rule retroactively. *See Dial v. O'Malley*, 23-3423, 2024 WL 4471510 at *1 (9th Cir. Oct. 11,

2024); *see also McClune v. Dudek*, 24-2911, 2025 WL 1099701 at *2 (9th Cir. Apr. 14, 2025); *see also Dodge v. Dudek*, 24-2899, 2025 WL 1099705 at *2 (9th Cir. Apr. 14, 2025).

Under the regulations at place at the time the decision was issued, past relevant work was defined as work an individual did within the past 15 years. 20 C.F.R. 404. § 1565. Here plaintiff last performed work as an aircraft maintenance supervisor in 2013 – ten years prior to when the decision was issued. AR 55.

Therefore, the ALJ did not err by concluding that this was past relevant work.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 12th day of May, 2025

Theresa L. Fricke
United States Magistrate Judge